## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

ALONSO TORRES,

           Defendant.

Case No. 2:13-cr-154(1)

JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Alonso Torres' Motion for Compassionate Release (ECF No. 362), as supplemented by counsel (ECF No. 364). For the following reasons, the motions are **DENIED.**

## I.

On January 8, 2015, Defendant pleaded guilty to conspiring to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i). (ECF Nos. 17, 286.) This Court sentenced Defendant to a 144-month term of imprisonment (minus time served), to be followed by five years of supervised release. (ECF No. 299.) According to Bureau of Prisons records, Defendant is set to be released on February 1, 2024.

On November 12, 2020, Defendant filed a pro se Motion for Compassionate Release. (ECF No. 362.) On February 11, 2021, counsel for the Defendant filed a supplemental Motion for Compassionate Release. (ECF No. 364.) On March 15, 2021 the Government filed a response in opposition. (ECF No. 365.) The motions are now ripe for review.

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized

courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1003–04 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1004. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling'

2

without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant moves the Court for a compassionate release. He submitted a request for release to the warden on June 23, 2020, which was denied on June 24, 2020. (ECF No. 362-1.) More than 30 days have passed; therefore, the Court has the authority to decide his motion for compassionate release. Defendant states that he has fibrous dysplasia, cellulitis, diabetes, and headaches from brain tumors. (ECF No. 364 at 2.)[1] Defendant is 33 years old. (*Id.*)

According to the CDC, type 1 diabetes does put individuals at increased risk of severe illness from COVID-19, and type 2 diabetes might do so as well.[2] The record does not indicate which type of diabetes ails Defendant, however the Court will consider this a risk factor. Defendant has not demonstrated that any of the other mentioned conditions increases his risk from COVID-19. Therefore, the most salient risk factor would appear to be Defendant's diabetes.

When an inmate files a motion for compassionate release—as Defendant has done here— the Court has "full discretion to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 980 F.3d at 1111. In defining "extraordinary

---

[1] Upon review of the record this Court has not found any indication that the brain tumors are malignant.
[2] CDC, (visited March 23, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

and compelling," many courts have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see also United States v. Pratt*, No. 16-CR-20677-5, 2020 WL 6382864, at *4 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland*, No. 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (denying compassionate release to 37-year-old inmate with Hepatitis C and anxiety). Likewise, "medically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying release[.]" *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).

In this case, Defendant has not demonstrated that the risk posed to him by COVID-19 is an extraordinary and compelling reason for his release. Though COVID-19 would appear to present a greater risk to Defendant than it does to the healthiest individual, that is true for most people and does not take Defendant outside the realm of the general risk posed to all. This Court is generally not inclined to find that COVID-19 presents an extraordinary and compelling reason for release unless the individual is particularly vulnerable, which does not appear to be the case here. Moreover, at this stage in the pandemic, with vaccines becoming more widely available, it would appear that time is no longer the same compounding factor it once was. The possibility of Defendant's vaccination in the near future is a much preferable alternative to an early release; that possibility makes the proposition of an early release less than compelling here.

**IV.**

Accordingly, the Court **DENIES** Defendant Alonso Torres' Motion for Compassionate

Release (ECF No. 362), as supplemented by counsel (ECF No. 364).

**IT IS SO ORDERED.**


**4/1/2021**                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                       **EDMUND A. SARGUS, JR.**
                                               **UNITED STATES DISTRICT JUDGE**